IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CORNITA M. APACHITO,**

    **Plaintiff,**

v.                                                                                                       No. 17-cv-0504 JCH/SMV

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Defendant's Motion to Dismiss, filed on August 23, 2017. [Doc. 12]. Plaintiff responded on September 21, 2017. [Docs. 20, 21]. Defendant did not file a reply, and the time for doing so has passed. The Honorable Judith C. Herrera, United States District Judge, referred this matter to me for analysis and a recommended disposition. [Doc. 19]. Having considered the briefing, record, and relevant authorities, and being otherwise fully advised in the premises, I recommend that the motion be DENIED.

### Background

Plaintiff applied for supplemental security income on November 8, 2012. *See* [Doc. 12-1] at 5. Her claim was denied initially and on reconsideration. *Id.* at 14–21. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 21. The ALJ issued an unfavorable decision on September 15, 2015. *Id.* at 25–47. Plaintiff requested review of the ALJ's decision by the Appeals Council, but her request was denied on December 1, 2016. *Id.* at 48–54. The Appeals Council's notice informed Plaintiff of her right to appeal the ALJ's

decision by filing a civil action. *Id.* at 50. It further explained that she had 60 days, starting the day after receipt of the letter, to file the civil action. *Id.* The Appeals Council noted that it would assume Plaintiff received the letter five days after the date on it unless Plaintiff affirmatively showed that she did not receive it within the five-day period. *Id.* It further provided that Plaintiff could request an extension of the 60-day deadline by making a written request to the Appeals Council, showing good cause for the extension. *Id.* at 51.

On January 26, 2017, shortly before the 60-day deadline expired, Plaintiff, through counsel, requested a 30-day extension. *Id.* at 55. On March 20, 2017, the Appeals Council granted Plaintiff's request, extending the time within which she could file a civil action to "30 days from the date you receive this letter." *Id.* at 56. Again, the Appeals Council informed Plaintiff that it would assume she received the letter "5 days after the date on it" unless she could show otherwise. *Id.* Assuming Plaintiff received the letter five days after March 20, 2017, then, she was required to file her civil action by April 24, 2017. Plaintiff initiated this action on April 28, 2017, noting in her complaint that she requested and was granted additional time to file suit, and her complaint was "therefore timely filed." [Doc. 1] at 2.

Defendant now moves to dismiss the complaint as untimely. Defendant asserts that, given the Appeals Council's notice of the extension of time, Plaintiff was required to file her suit by April 24, 2017. [Doc. 12] at 2. Instead, she filed it four days later. Defendant points out that the federal courts have "strictly applied" the statute of limitations, dismissing cases filed mere days out of time. *Id.* at 4–5 (collecting cases). Defendant further argues that Plaintiff is not entitled to equitable tolling of the statute of limitations. *Id.* at 5–6.

In response, Plaintiff contends that she "has grounds for equitable tolling of the extension" and her complaint "is not time[-]barred." [Doc. 20] at 1. Plaintiff contends that she and her counsel never received written notice of the Appeals Council's March 20, 2017 letter granting the extension of time. *Id.* at 2; [Doc. 21] at 2–3. Beginning in February 2017 and continuing through the week of April 24, 2017, Plaintiff alleges her counsel placed calls to the Appeals Council regarding the status of her request for an extension. [Doc. 20] at 2; [Doc. 21] at 2. On April 26 or April 27, 2017, Plaintiff alleges, her counsel was informed that the extension had been granted in a notice dated March 28, 2017, and she filed her complaint on April 28, 2017. *Id.* Plaintiff argues that responsibility for her late filing rests exclusively with Defendant, which failed to provide her and her counsel with notice of its decision granting the extension. *Id.* at 4. Resting on the "good cause" standard set out in the Social Security regulations concerning late filings, Plaintiff argues that there was good cause for the late filing. *Id.* at 4–5.

## **Legal Standard**

Defendant's motion is styled as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1] However, as Plaintiff points out, Defendant's motion relies on evidence outside of the complaint, as does Plaintiff's response. In ruling on a motion to dismiss, the district court is limited to the facts pled in the complaint. *Gossett v. Barnhart*, 139 F. App'x 24, 25 (10th Cir. 2005). Thus, the motion is more properly construed as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *See id.*; *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986). Ordinarily, the

---

[1] Defendant rightly notes that the 60-day time period in 42 U.S.C. § 405(g), on which Plaintiff's claim is based, is a statute of limitation, not a jurisdictional bar. [Doc. 12] at 1 (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Gossett v. Barnhart*, 139 F. App'x 24, 26 n.1 (10th Cir. 2005)).

Court is required to give notice that it will convert a motion to dismiss into one for summary judgment, because "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *Gossett*, 139 F. App'x at 25. However, courts in this District have found that no notice was required in similar circumstances where both parties presented evidence related to the timeliness of the plaintiff's appeal, neither party objected, and the parties would have an opportunity to address any concerns by virtue of the right to object to the PF&RD. *E.g.*, *Salter v. Colvin*, 2016 WL 10538874, at *2 (D.N.M. May 6, 2016); *see also Wiggins v. Colvin*, 2014 WL 3870009, at *3 (W.D. Okla. Aug. 6, 2014) (unreported).

I will consider the evidence the parties have submitted in support of their positions, construing Defendant's motion as a motion for summary judgment. Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this case, the motion concerns the timeliness of Plaintiff's request for court review of the ALJ's denial of social security benefits. As such, the material facts are those pertaining to the statutes and regulations governing the 60-day time period.

**Analysis**

Pursuant to 42 U.S.C. § 405(g),

> [a]n individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

4

Section 405(g) provides a 60-day window within which a claimant may obtain review of a final decision of the Commissioner. A claimant is "presumed to receive the notice of the decision of the Appeals Council five days after the date of mailing of such notice, unless there is a reasonable showing to the contrary." *Gossett*, 139 F. App'x at 26 (citing 20 C.F.R. § 422.210(c)). The Commissioner may extend the 60-day deadline at the claimant's written request on a showing of good cause. 20 C.F.R. § 422.210(c).

This statute of limitations is binding on litigants, as "[n]o findings of fact or designation of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). It is subject to waiver and equitable tolling. *Taylor v. Colvin*, 2015 WL 1959706, at *2 (D. Kan. Apr. 29, 2015) (unreported) (citing *Bowen*, 476 U.S. at 478–80). Equitable tolling is invoked only in the "rare case" in which the equities in favor of tolling are sufficiently compelling. *Bowen*, 476 U.S. at 481. A litigant is entitled to equitable tolling only on showing (1) "that he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). To satisfy the "extraordinary circumstances" prong, the litigant must show an "external obstacl[e] to timely filing, *i.e.*, that the circumstances that caused a litigant's delay must have been beyond its control." *Id.* (alteration in original) (internal quotation marks omitted).

The parties frame their dispute as a question of whether equitable tolling of the statute of limitations is warranted,[2] because Plaintiff filed her complaint four days after the presumptive deadline of April 24, 2017. However, Plaintiff also maintains that neither she nor her counsel ever received the notice that granted the extension, receipt of which would trigger the 30-day extension for filing the complaint. Therefore, the proper inquiry—at the outset—is whether Plaintiff sufficiently rebutted the presumption that she received the notice five days after it was dated. If the presumptive date of receipt, March 25, 2017, stands, then her complaint was untimely and Plaintiff may only proceed if she shows she is entitled to equitable tolling. If she has rebutted the presumption, however, then the complaint was timely filed.

The law surrounding the evidence required for a claimant to make a "reasonable showing" of delayed or non-receipt of an Appeals Council's notice is uncertain. Lower courts routinely have concluded that a plaintiff's or counsel's mere conclusory statement, even when supplied via affidavit, that she received the Commissioner's notice after the five-day presumptive receipt date does not constitute a reasonable showing. *See, e.g.*, *Leslie v. Bowen*, 695 F. Supp. 504, 506 (D. Kan. 1988) (reasoning that the rebuttable presumption "would serve little purpose if an affidavit stating a later date of notice constituted a reasonable showing to the contrary"); *Begaye v. Astrue*, 06-cv-0975 JH/ACT, [Doc. 11] at 4–5 (D.N.M. Mar. 1, 2007) (affidavit of plaintiff's son stating the date on which he received the notice from the Appeals Council, without "further elaboration or explanation," did not constitute a reasonable

---

[2] As noted *supra*, Plaintiff appears to suggest that a "good cause" standard—rather than the more stringent "extraordinary circumstances" requirement of equitable tolling—should apply to excuse her "arguably" late filing here. *See* [Doc. 20]. Plaintiff misapprehends the correct standard. However, I need not explore this point further because I recommend that the motion be denied on grounds other than equitable tolling.

showing sufficient to rebut the presumption); *Wiggins*, 2014 WL 3870009, at *5 (collecting cases).

In evaluating the "reasonable showing" requirement and the sufficiency, or lack thereof, of plaintiffs' affidavits, courts have weighed a number of factors. For one, courts have considered whether claimants could have supplemented their affidavit testimony with other available evidence demonstrating the actual receipt date, e.g., a copy of the post-marked envelope or a copy of the notice with a date-of-receipt stamp. *See Leslie*, 695 F. Supp. at 506; *Wiggins*, 2014 WL 3870009, at *1–2 (finding that affidavits of plaintiff's counsel and two office assistants specifying the date they received the notice, setting out their usual business practices with respect to the receipt of mail, and attaching a copy of the date-stamped notice received by their office were sufficient to rebut the five-day presumption).

Courts have also looked to evidence of the mailing and receipt dates supplied by defendants. As one court has noted, "if there is 'no evidence in the record that the notice was ever mailed to the [plaintiff,]' and defendant does not contend that it mailed the notice, plaintiff makes a 'reasonable showing' that she did not receive the notice five days after the notice's date." *Salter v. Colvin*, 2014 WL 1280269, at *4 (N.D. Ohio Mar. 27, 2014) (unreported) (alteration in original) (quoting *McKentry v. Sec'y of Health & Human Servs.*, 655 F.2d 721, 724 (6th Cir. 1981)). At least one court in this District has found that an affidavit by plaintiff's counsel averring that notice was never received is sufficient to rebut the five-day presumption in the absence of any countervailing evidence by the defendant. *Brakeman v. Apfel*, 00-cv-0692 JP/KBM, [Doc. 12] at 2–3 (D.N.M. Oct. 10, 2000). The court in *Brakeman* found that the complaint was timely filed where the defendant "offered no proof . . ., such as evidence of

receipt from certified mail, that [p]laintiff actually received the notice." *Id.*; *see also, e.g.*, *Gossett*, 139 F. App'x at 26 (weighing plaintiff's conclusory statements of non-receipt against affidavit testimony of Social Security Administration employee as to the date the notice was mailed); *Orozco v. Astrue*, 2012 WL 4468413, at *5 (E.D. Cal. Sept. 25, 2012) (unreported) (defendant presented "unrebutted evidence" of the date the notice was mailed via the declaration of an employee of defendant); *McMahan v. Barnhart*, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005) (declaration of employee of Office of Hearings and Appeals provided that copy of Appeals Council's notice was mailed to the plaintiff on the same day the notice was dated); *Grant v. Colvin*, 2016 WL 3566205, at *3 n.3 (D. Me. June 27, 2016) (unreported) (declaration of employee specified that copy of Appeals Council notice was mailed to plaintiff's representative).

In the present case, I find that Plaintiff has submitted evidence, in the form of an affidavit from her former counsel, that she and her counsel never received notice of the Appeals Council's decision granting her extension of time to file suit. As noted above, the affidavit provides that neither counsel nor Plaintiff herself ever received the notice from the Appeals Council granting the extension. [Doc. 21] at 2. Her counsel avers that during the time Plaintiff's request for an extension was pending, he made a number of phone calls to the Appeals Council regarding the status of the request. *Id.* Counsel further states that he only became aware that the extension had been granted on April 26 or April 27, 2017, when the Appeals Council notified him of the

extension over the phone. *Id.* Even then, he states, he was told that the extension had been granted on March 28, 2017.[3] *Id.*

Importantly, Defendant offers no evidence showing that the notice was ever mailed, let alone received by Plaintiff or her counsel. In its motion, Defendant supplies the declaration of Marie Cousins, an official with the Office of Appellate Operations within the Social Security Administration, who reviewed Plaintiff's official file as maintained by Defendant. [Doc. 12-1] at 1, 3. According to the declaration, the file disclosed, among other details, the following: "The Appeals Council granted a 30-day extension of time on March 20, 2017. The plaintiff does not appear to have filed a second request for an extension of time." *Id.* at 4 (internal citation omitted). The declaration is utterly silent as to whether or when the notice of the extension was actually sent to Plaintiff or her counsel. Nor does the copy of the notice granting the extension, attached as an exhibit to the declaration, provide any such indication of the mailing date. *Id.* at 56–57. The letter is date-stamped March 20, 2017, and addressed to Plaintiff's counsel, copying Plaintiff herself. *Id.* at 56. But the letter does not indicate the mailing date. Defendant did not file a reply to rebut Plaintiff's counsel's affidavit.

Plaintiff has made a reasonable showing, uncontested by Defendant, that she and her counsel never received the notice granting the extension of time to file suit. Though her evidence of non-receipt is not robust, this case is distinguishable from those cases finding that an affidavit alone is insufficient evidence of delayed receipt. Most importantly, Defendant does not supply *any* evidence that the notice was ever transmitted to Plaintiff. Through Defendant's declaration and the copy of the notice, there is no question that the extension was granted on

---

[3] Plaintiff does not dispute that the extension was granted on March 20, 2017, and the notice to that effect is dated March 20, 2017. *See* [Doc. 12-1] at 4, 56.

March 20, 2017. But the new deadline for filing began to run not from the date on the notice, but from *receipt* by Plaintiff. Moreover, Plaintiff did not allege that she or her counsel simply received the notice on a particular date after the presumptive five days. Unlike many other cases to have considered the issue, Plaintiff could not submit, for example, a post-marked envelope in which the notice was received or the date-stamped copy of the notice received by Plaintiff's counsel's office. And Plaintiff filed her complaint within two days of her counsel learning that the extension had, in fact, been granted.

## Conclusion

Plaintiff has successfully rebutted the five-day presumption. I find that the 30-day deadline did not begin to run until, at the very earliest, April 26, 2017—i.e., the date on which Plaintiff's counsel became aware that the extension had been granted. Plaintiff's complaint, filed on April 28, 2017, was therefore timely filed. I need not consider whether equitable tolling of the statute of limitations is warranted in this case.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss [Doc. 12] be **DENIED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* D.N.M.LR-Civ. 10.1. **If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**