# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**CORNITA M. APACHITO,**

    **Plaintiff,**

**v.**                                                                                                     No. 17-cv-0504 JCH-SMV

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
## MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL JUSTICE ACT

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and for Entry of Final Judgment, filed on August 16, 2018. [Doc. 41]. Defendant responded on August 28, 2018, contesting Plaintiff's counsel's fees as excessive. [Doc. 42]. Plaintiff has filed no reply, and the time for doing so has passed. Having reviewed the record, the briefing, and the relevant law, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Attorney's Fees. Plaintiff will be awarded **$4,775.49**.

                                            **I.**        **BACKGROUND**

Plaintiff applied for supplemental security income on November 8, 2012, but the Social Security Administration denied her application. Tr. at 15. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* An ALJ heard Plaintiff's case and issued an unfavorable

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

decision on September 15, 2015. *Id.* at 27. Plaintiff field a Complaint in this Court contesting the ALJ's decision on April 28, 2017. [Doc. 1]. Judge Vidmar issued a Proposed Finding and Recommended Disposition recommending that this Court reverse the Commissioner's final decision and remand the case for further proceedings. [Doc. 38] at 11. The Court adopted Judge Vidmar's recommendations on August 14, 2018. [Doc. 39]. Plaintiff now moves for attorney's fees under the Equal Access to Justice Act ("EAJA"). [Doc. 41].

## II. LEGAL STANDARD

The prevailing party in a social security appeal is entitled to an award of fees and expenses when the position of the United States was not substantially justified and no special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A) (2016); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). A court may only award reasonable fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983) (interpreting attorney's fee requests under 42 U.S.C. § 1988); *see Comm'r, INS v. Jean*, 496 U.S. 154, 160–61 (1990). The fee applicant bears the burden to prove that she incurred reasonable fees and charged a reasonable rate. *Hensley*, 461 U.S. at 437. If the fee applicant's records are sloppy or imprecise, the district court does not abuse its discretion in reducing fee requests. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995); *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

## III. ANALYSIS

Defendant disputes Plaintiff's counsel Mr. Diamond's request for fees as excessive.[2] [Doc. 42] at 3–6. The Court agrees, for two reasons. First, Mr. Diamond routinely overbilled for simple tasks. Defendant disputes six time entries on this ground:

---

[2] Defendant does not argue that her position was substantially justified.

1) 6/21/18, USDC – substitution of party (0.25 hours) [Doc. 35]: The Court assumes this charge is for reviewing Ms. Holland's Notice of Substitution of Counsel [Doc. 35], filed on May 30, 2018. Reviewing this one-page Order should not have reasonably taken more than five minutes. The Court will reduce the amount of time to 0.1 hours.

2) 4/16/18, Order granting stipulated motion for extension of time for briefing & call to opposing counsel (1.25 hours) [Doc. 32]: According to Mr. Diamond's timesheet, this entry refers to [Doc. 32], Order Granting Stipulated Motion for Extension of Time to File Motion to Reverse or Remand and Brief in Support Thereof. The Stipulate Motion, [Doc. 31], is a standard, two-paragraph motion requesting an extension of seven days to file Plaintiff's Motion to Reverse or Remand. The Order, [Doc 32], is a standard, two-paragraph order granting the Motion. Drafting the Motion and Order could not have possibly taken 1.25 hours, including the call necessary to obtain defense counsel's approval. The Court can only assume that this entry is a typographical error and was intended to reflect 0.25 hours rather than 1.25 hours. Regardless, the Court will reduce this entry to 0.1 hours. *See Burr v. Bowen*, 782 F. Supp. 1285, 1290 (N.D. Ill. 1992) (disallowing fees for motions for extensions of time for plaintiff's attorney's convenience).

3) 4/16/18, Stipulated motion for extension of time for briefing (1 hour) [Doc. 31]: Drafting and reviewing this one-page Motion should not have reasonably taken more than ten minutes. For the reasons stated above, the Court will reduce the amount of time for this task to 0.1 hours.

4) 4/10/18, Order granting stipulated motion for extension of time (1 hour) [Doc. 30]: For the reasons stated above, the Court will reduce the amount of time for this task to 0.1 hours.

5) 4/12/18, Stipulated motion for extension of time (0.75 hours) [Doc. 29]: Again, for the reasons stated above, the Court will reduce the amount of time for this task to 0.1 hours.

6) 2/19/18, Review order (0.75 hours) [Doc. 28]: This entry is for time spent reviewing the Court's Order Setting Briefing Schedule. Reviewing this one-page Order and calculating the deadlines should reasonably have taken no longer than five minutes. The Court will reduce the amount of time to 0.1 hours.

Second, Mr. Diamond's fee request is excessive because he billed for non-compensable clerical activities. Defendant disputes two entries on this ground:

1) 4/28/17, Complaint, summons, transmittals, and civil cover sheet (1.5 hours) [Doc. 1]: A court cannot compensate Plaintiff for clerical work done by her attorney. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *Bowers v. Astrue*, No. 07-cv-00454-WYD, 2008 WL 2568801, at *3 (D. Colo. June 24, 2008). Creating summonses and cover sheets are clerical activities. *Lann v. Colvin*, Case No. CIV-14-827-R, 2015 WL 8262223, at *1 (W.D. Okla. Nov. 10, 2015). Drafting a complaint, however, is not purely clerical work; whether it is in-part clerical depends on its length, complexity, and boilerplate language. *See Brandt v. Astrue*, No. 08-0658-TC, 2009 WL 1727472, at *4 (D. Or. June 16, 2009). Reviewing Plaintiff's Complaint, the Court concludes that drafting it was largely a clerical duty: it is mostly boilerplate (containing few references to Plaintiff or her disability) and only three pages long. Plaintiff offers no argument to the contrary. The Court will reduce the amount of hours claimed here to 1.0 hour.

2) 5/1/17, Preparing affidavit IFP (1.25 hours): Preparing an IFP affidavit is a clerical activity. *Villalobos v. Colvin*, No. CV-15-00463-CG, 2016 WL 10179289, at *2–3 (D.N.M. July

12, 2016) (reducing fees for preparation of an IFP affidavit because its preparation is a clerical activity and the fee applicant does not dispute it in his reply); *Montoya v. Colvin*, No. 14-cv-0836 LH/SMV, 2015 WL 13651170, at *2 (D.N.M. Dec. 16, 2015) (finding that preparation of an IFP affidavit is clerical). Plaintiff does not argue otherwise. The Court therefore strikes it from Mr. Diamond's fee request.

For the foregoing reasons, the Court reduces the contested items from 7.75 hours to 1.6 hours, bringing the total down to 23.85 hours. Multiplying 23.85 by $200.23,[3] the Court will award Plaintiff $4,775.49.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Attorney's Fees [Doc. 41] be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff Cornita Apachito is awarded $4,775.49 under the Equal Access to Justice Act for payment to her attorney for services before the Court.

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b), counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (stating that the government may pay fees under both EAJA and § 406(b), but if that occurs then the government must refund to the claimant the amount of the smaller fee).

**IT IS SO ORDERED.**

                                                                        _____
                                                                        **JUDITH C. HERRERA
                                                                        United States District Judge**

---

[3] Mr. Diamond asks for an hourly rate of $200.23. *See* [Doc. 41] at ¶ 7 ($6,007/30 = $200.23). Defendant does not challenge the hourly rate, *see* [Doc. 42] at 6, and the Court finds it to be reasonable.